UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRWIN GOMEZ-COLON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-756** |
| **TIM HOOPER, WARDEN** | **SECTION: "G"(4)** |

### ORDER AND REASONS

Before the Court are Petitioner Irwin Gomez-Colon's ("Gomez-Colon") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to this case.[2] Gomez-Colon, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] The Magistrate Judge recommended that the petition be dismissed with prejudice.[4] Gomez-Colon objects to the Magistrate Judge's Report and Recommendation.[5] Having considered the Magistrate Judge's Report and Recommendation, Gomez-Colon's objections, the record, and the applicable law, the Court overrules Gomez-Colon's objections, adopts the Magistrate Judge's recommendation, and dismisses this action with prejudice.

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 13.

[3] Rec. Doc. 1-1.

[4] Rec. Doc. 13 at 38.

[5] Rec. Doc. 14.

## I. Background

*A.    Factual Background*

On July 27, 2017, a Jefferson Parish Grand Jury indicted Gomez-Colon for the second-degree murder of Nancy Yahaira Gonzales Rodriguez.[6] On December 5, 2019, a unanimous jury found Gomez-Colon guilty as charged.[7] On January 6, 2020, Gomez-Colon was sentenced to a term of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.[8]

On December 22, 2021, the Louisiana Fifth Circuit Court of Appeal affirmed the conviction and sentence.[9] On April 20, 2022, the Louisiana Supreme Court denied Gomez-Colon's related writ application without assigning reasons.[10]

On April 3, 2023, Gomez- Colon filed an application for post-conviction relief in the state trial court.[11] On June 8, 2023, the trial court denied Gomez-Colon's application.[12] On July 27, 2023, the Louisiana Fifth Circuit Court of Appeal denied Gomez-Colon's related writ application.[13] On March 5, 2024, the Louisiana Supreme Court also denied Gomez-Colon's related writ application.[14]

---

[6] Rec. Doc 9-1 at 33 (Indictment 7/27/17).

[7] *Id.* at 303 (Verdict Form 12/5/19).

[8] *Id.* at 326 (Sentencing Minutes 1/6/20).

[9] *Id.* at 497–515 (5th Cir. Opinion 12/22/21).

[10] *State v. Gomez-Colon*, 2022-00125 (La. 4/20/22), 336 So. 3d 466.

[11] Rec. Doc. 9-1 at 522–44 (Application for Post-Conviction Relief 4/3/23).

[12] *Id.* at 581–82 (Order 6/12/23).

[13] Rec. Doc. 9-2 at 514–18 (5th Cir. Opinion 7/27/23).

[14] *Gomez-Colon v. Hooper*, 2023-01092 (La. 3/5/24), 379 So. 3d 1260.

On March 25, 2024, Gomez-Colon filed the instant federal habeas corpus petition raising the following claims: (1) the state trial court erred in permitting the State to introduce other crimes evidence and (2) ineffective assistance of both trial and appellate counsel.[15] The State filed a response om June 21, 2024, arguing that the petition should be dismissed on the merits.[16] Gomez-Colon filed a reply brief on July 2, 2024.[17]

## B.     *Report and Recommendation Findings*

The Magistrate Judge recommended that the petition be dismissed with prejudice.[18] First, the Magistrate Judge addressed Gomez-Colon's arguments regarding "other crimes" evidence.[19] The Magistrate Judge found no constitutional violation because there was overwhelming independent evidence that Gomez-Colon was guilty of the charged offense.[20]

Second, the Magistrate Judge found that the ineffective assistance of counsel claims without merit.[21] Specifically, the Magistrate Judge determined that Gomez-Colon failed to demonstrate a complete failure of his trial counsel to oppose the prosecution's case.[22] The Magistrate Judge found Gomez-Colon's claim regarding counsel's failure to present an alibi defense to be too speculative to warrant relief.[23] Similarly, the Magistrate Judge determined that

---

[15] Rec. Doc. 1.

[16] Rec. Doc. 10.

[17] Rec. Doc. 12.

[18] Rec. Doc. 13.

[19] *Id.* at 16–22.

[20] *Id.* at 22.

[21] *Id.* at 23–38.

[22] *Id.* at 28.

[23] *Id.* at 34.

Gomez-Colon's claim that counsel failed to have the DNA independently tested to be speculative because he did not show that additional testing would be beneficial to the defense.[24] Finally, the Magistrate Judge determined that Gomez-Colon's ineffective assistance of appellate counsel claim was too speculative to warrant relief.[25]

## II. Objections

Gomez-Colon objects to the Report and Recommendation.[26] First, Gomez-Colon argues that the trial court committed reversible error by admitting "other crimes" evidence from three women who alleged prior sexual assaults by Gomez-Colon.[27] Gomez-Colon argues this evidence was irrelevant, overly prejudicial, and improperly admitted to bolster the State's felony murder theory, as there was no direct evidence that the victim was sexually assaulted.[28] Gomez-Colon contends the prejudicial effect of this evidence substantially outweighed any probative value, inflaming the jury and depriving him of a fair trial.[29]

Second, with respect to counsel's performance, Gomez-Colon asserts that his trial counsel failed to investigate an alibi and independently test DNA evidence.[30] He contends that the results of the proceeding would have been different if defense counsel would have performed an investigation.[31]

---

[24] *Id.* at 35.

[25] *Id.* at 36–38.

[26] Rec. Doc. 14.

[27] *Id.* at 4.

[28] *Id.*

[29] *Id.* at 5.

[30] *Id.* at 6–7.

[31] *Id.* at 7.

## III. Standard of Review

### A.     *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[32] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[33] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[34]

### B.     *Standard of Review Under the AEDPA*

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[35] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[36] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[] an

---

[32] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[33] Fed. R. Civ. P. 72(b)(3).

[34] *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[35] *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403–404 (2000)).

[36] 28 U.S.C. § 2254(d)(2).

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[37]

Regarding this standard, the United States Court of Appeals for the Fifth Circuit has explained:

> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[38]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[39] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[40]

## IV. Law and Analysis

### A.   *Admission of "Other Crimes" Evidence*

Gomez-Colon objects to the Magistrate Judge's finding that he is not entitled to relief on his claim that the state trial court erred by admitting "other crimes" evidence. He argues that the trial court should not have allowed three witnesses to testify that they were sexually assaulted by

---

[37] *Id.* § 2254(d)(1).

[38] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (internal citations and quotation marks omitted).

[39] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[40] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

Gomez-Colon. He argues that there was no similarity between those incidents and the murder in this case. He further argues that the probative value of the other crimes evidence was substantially outweighed by the danger of undue prejudice.

To the extent that Gomez-Colon argues this ruling violated state law, his claim is not cognizable on federal habeas review. "[F]ederal courts sitting in habeas do not review state courts' application of state evidence law."[41] Therefore, federal courts do not sit to review the propriety of state court evidentiary rulings, unless the proceedings violate due process such that the violation renders the criminal proceeding fundamentally unfair.[42]

The United States Supreme Court has never held that the admission of "other crimes" evidence can serve as the basis for a due process violation.[43] Absent controlling Supreme Court precedent on the issue of whether the admission of prior crimes evidence violates due process, the state courts' determination cannot be said to be contrary to, or an unreasonable application of, clearly established federal law.

Gomez-Colon also has not shown that the evidentiary ruling violates due process. The Fifth Circuit has explained:

> Due process is implicated only for rulings "of such a magnitude" or "so egregious" that they "render the trial fundamentally unfair." It offers no authority to federal habeas courts to review the mine run of evidentiary rulings of state trial courts. Relief will be warranted only when the challenged evidence "played a crucial, critical, and highly significant role in the trial."
> The due process inquiry must consider the significance of the challenged evidence "in the context of the entire trial." We have held that the Due Process Clause does not afford relief where the challenged evidence was not the principal focus at trial and the errors were not "'so pronounced and persistent that it permeates the entire

---

[41] *Jones v. Cain*, 600 F.3d 527, 536 (5th Cir. 2010).

[42] *See Derden v. McNeel*, 978 F.2d 1453, 1458 (5th Cir. 1992).

[43] *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (holding that when the Supreme Court's "cases give no clear answer to the question presented, let alone one in [the petitioner's] favor, it cannot be said that the state court unreasonably applied clearly established Federal law" (quotation marks and brackets omitted)).

atmosphere of the trial.'" This is a high hurdle, even without AEDPA's added level of deference.[44]

To establish a fundamentally unfair trial a petitioner must show "there is a reasonable probability that the verdict might have been different had the trial been properly conducted."[45]

During trial, the jurors were instructed that the "other acts" evidence was only to be considered for the limited purpose of showing "the defendant's identity, knowledge, and system."[46] Courts have repeatedly held that jurors are presumed to follow their instructions.[47] Additionally, the State presented overwhelming independent evidence of Gomez-Colon's guilt: (1) Gomez-Colon's DNA was found on the used condom beside the victim's body; (2) his blood was found in various locations in the victim's apartment; (3) a hat with Gomez-Colon's employer's logo was found on the victim's couch; (4) the same brand of condoms as that found at the murder scene was found in Gomez-Colon's room; (5) a piece of stationary from the victim's work and with her name and number was found on his desk; (6) cell phone records showed that Gomez-Colon texted the victim on multiple occasions prior to the murder; (7) cell phone records showed that Gomez-Colon was in the area of the murder on the evening of the murder and through the following morning; (8) the woman from whom Gomez-Colon rented a room, testified that Gomez-Colon left to go have drinks and that he returned to her apartment after 11:00 p.m. on April 22, 2017; and (9) Gomez-Colon had various injuries to his body including fingernail scratch marks on his chest, an abrasion on his forehead, a contusion above his eye, wounds on the inside of his right

---

[44] *Gonzalez v. Thaler*, 643 F.3d 425, 430–31 (5th Cir. 2011) (internal citations omitted).

[45] *Kirkpatrick v. Blackburn*, 777 F.2d 272, 279 (5th Cir. 1985).

[46] Rec. Doc. 9-1 at 513 (5th Cir. Opinion 12/22/21).

[47] *See Jones v. United States*, 527 U.S. 373, 394 (1999); *United States v. Ornelas-Rodriguez*, 12 F.3d 1339, 1349 (5th Cir. 1994).

hand indicative of knife slippage, and two puncture wounds on his right shoulder.[48] Therefore, even without the other crimes evidence, there was overwhelming independent evidence that Gomez-Colon was guilty of the charged offense. Therefore, any error in the admission of the "other acts" evidence was harmless. Accordingly, the state courts' denial of relief on this issue neither contrary to nor an unreasonable application of clearly established federal law.

### B.   *Ineffective Assistance of Trial Counsel*

Gomez-Colon objects to the Magistrate Judge's finding that he is not entitled to habeas relief on his ineffective assistance of counsel claims.[49] To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[50] If a court finds that a petitioner fails on either of these two prongs, it may dispose of the ineffective assistance claim without addressing the other prong.[51] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[52] A petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[53] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the

---

[48] Rec. Doc. 9-1 at 514–15 (5th Cir. Opinion 12/22/21).

[49] Rec. Doc. 1-1 at 24.

[50] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[51] *Id.*

[52] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[53] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

circumstances.[54] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[55] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[56]

When a petitioner's ineffective assistance of counsel claims on federal habeas corpus review are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[57] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[58] Thus, this standard is considered "doubly deferential" on habeas corpus review.[59]

### 1. Constructive Denial of Counsel

Gomez-Colon claims that he was constructively denied effective assistance of counsel. In *United States v. Cronic*, the Supreme Court held that a defendant may be constructively denied counsel, even though an attorney had been appointed to represent him.[60] The Court recognized that the performance of counsel may be so inadequate as to constitute no assistance of counsel at

---

[54] *See Strickland*, 466 U.S. at 690.

[55] *Id.* at 694.

[56] *Id.*

[57] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)) (internal quotation marks omitted).

[58] *Id.*

[59] *Id.*

[60] 466 U.S. 648 (1984).

all, despite the physical presence of an attorney at the proceeding.[61] A presumption of prejudice arises in circumstances where: (1) there exists a "complete denial of counsel" or a denial of counsel "at a critical stage" of the defendant's trial; (2) defense counsel fails to "subject the prosecution's case to meaningful adversarial testing"; or (3) counsel is called upon to render assistance where competent counsel very likely could not.[62] Only in such "circumstances of magnitude" may "the likelihood that the verdict is unreliable [be] so high" that a constitutional violation may be found.[63] For *Cronic* to apply "the attorney's failure must be complete."[64] The petitioner has the burden to show that he was constructively denied counsel.[65]

Gomez-Colon has not demonstrated a complete failure by his trial counsel to oppose the prosecution's case. The state court record reflects that Gomez-Colon's appointed counsel subjected the prosecution's case to meaningful adversarial testing at each stage. Counsel participated in discovery.[66] Counsel filed pretrial motions.[67] The transcripts of the state court proceedings demonstrate that counsel was familiar with the case and adequately prepared to challenge the State's evidence. The trial transcript reflects that Gomez-Colon's trial counsel

---

[61] *Id.* at 654 n.11.

[62] *Id.* at 658–60 (internal citations omitted).

[63] *Mickens v. Taylor*, 535 U.S. 162, 166 (2002).

[64] *Bell*, 535 U.S. at 697.

[65] *Childress v. Johnson*, 103 F.3d 1221, 1228 (5th Cir. 1997).

[66] Rec. Doc. 9-1 at 47–50 (States Inventory of Provided Discovery 9/18/17); *id.* at 54–55 (State's Supplemental Inventory of Provided Discovery 10/11/17); *id.* at 86 (Supplemental Discovery Receipt 4/11/18); *id.* at 287 (Supplemental Discovery Receipt 11/25/19).

[67] Rec. Doc. 9-1 at 87 (Minute Entry 4/18/18) (denying defense motion to suppress statements, identification and evidence after a hearing); *id.* at 274–85 (Motion to Declare La. C. Cr. P. art. 782(A) and La. Const. Art. 1, § 17 Unconstitutional 11/25/19).

actively challenged the State's evidence, made objections throughout the trial and moved for a mistrial on several occasions.

Gomez-Colon has not established that he was constructively denied trial counsel under the *Cronic* standard. The state courts' denial of relief on this issue was not contrary to or an unreasonable application of clearly established federal law.

### 2. Failure to Investigate the Case

Gomez-Colon argues that counsel failed to investigate this matter. Specifically, he argues that counsel should have investigated an alibi defense, presented an alibi defense at trial, and had DNA evidence independently tested.

The Fifth Circuit has ruled that "a defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."[68] A petitioner cannot show prejudice as to a claim that his counsel failed to investigate without adducing what the investigation would have shown.[69]

Gomez-Colon does not present any evidence to support his argument that counsel would have been able to present an alibi defense. He claims that he told counsel how to locate a friend who drove him to a bar on the night of the crime and the name of the taxi company he used to drive home. Gomez-Colon does not identify the name of the bar, the name of his friend, or the name of the taxi company in his briefs. Therefore, this claim is too speculative to warrant relief.

As to the failure to independently test DNA evidence, Gomez-Colon's assertion is vague and entirely conclusory. Gomez-Colon presents no evidence that, had the defense conducted its own DNA testing, the test results would have been beneficial information to the defense.

---

[68] *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998); *Druery v. Thaler*, 647 F.3d 535, 541 (5th Cir. 2011).

[69] *Diaz v. Quarterman*, 239 F. App'x 886, 890 (5th Cir. 2007).

Gomez-Colon has not established that counsel was ineffective in failing to investigate and present an alibi defense and in failing to independently test DNA evidence. The state courts' denial of relief on these issues was not contrary to or an unreasonable application of clearly established federal law.

### 3. Ineffective Assistance of Appellate Counsel

Finally, Gomez-Colon argues that his appellate counsel was ineffective. The United States Supreme Court has ruled that *Strickland*'s standard applies to claims of ineffective appellate counsel.[70] The Fifth Circuit has explained that to prevail on a claim that appellate counsel was constitutionally ineffective, a petitioner must show that his appellate counsel unreasonably failed to discover and assert a nonfrivolous issue and establish a reasonable probability that he would have prevailed on this issue on appeal but for his counsel's deficient representation.[71] Additionally, appellate counsel has the discretion to exclude even a nonfrivolous issue if that issue was unlikely to prevail.[72]

The record reflects that appellate counsel raised a non-frivolous claim challenging the admission of other crimes evidence. Appellate counsel is not required to raise every possible or conceivable claim on appeal. Gomez-Colon has not identified any claim that appellate counsel could have raised, nor has he demonstrated a reasonable probability that had an additional claim been raised the outcome of the appeal would have been different. Accordingly, the state courts' denial of relief on this issue was not contrary to or an unreasonable application of clearly established federal law.

---

[70] *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

[71] *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

[72] *Penson v. Ohio*, 488 U.S. 75, 83–84, 109 (1988).

## V. Conclusion

For the reasons stated above, Gomez-Colon is not entitled to relief on his claim regarding admission of other crimes evidence or his ineffective assistance of counsel claim. Gomez-Colon has not shown that the state court's denial of relief was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Accordingly,

**IT IS HEREBY ORDERED** that Gomez-Colon's objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Gomez-Colon's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and the petition is **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this __6th__ day of November, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**