**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IRWIN GOMEZ-COLON                                   CIVIL ACTION

VERSUS                                              NO. 24-756

TIM HOOPER, WARDEN                                  SECTION: "G"(4)

## ORDER AND REASONS

Before the Court are two Motions to Reopen the Case[1] filed by Petitioner Irwin Gomez-Colon's ("Gomez-Colon"). Gomez-Colon, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] On November 6, 2025, this Court issued an order dismissing the petition with prejudice,[3] entered a judgment on that Order,[4] and denied Gomez-Colon a certificate of appealability.[5]

In the instant motions, Gomez-Colon argues that he did not receive notice of the November 6, 2025 Orders and judgment until February 18, 2026.[6] To support this assertion, Gomez-Colon attaches an envelope mailed from the Clerk of Court on February 13, 2026, and stamped received at Angola on February 18, 2026.[7] He also attaches a letter from the mail room at Angola stating Gomez-Colon did not receive any legal mail from November 2025 through February 3, 2026.[8]

---

[1] Rec. Docs. 18, 21.

[2] Rec. Doc. 1-1.

[3] Rec. Doc. 15.

[4] Rec. Doc. 16.

[5] Rec. Doc. 17.

[6] Rec. Docs. 18, 21.

[7] Rec. Doc. 18-1 at 2.

[8] *Id.* at 4.

Gomez-Colon also attaches a mail log from Angola, which shows that he received legal mail on June 30, 2025, July 14, 2025, and February 18, 2026.[9]

Along with the Motions to Reopen the Case, Gomez-Colon filed a notice seeking to appeal the November 6, 2025 judgment. Gomez-Colon refers to the instant motions as Motions to Reopen the Case, but the only error raised is the alleged failure to serve Petitioner with a copy of the November 6, 2025 judgment. Therefore, it appears that the relief he is actually seeking is an extension of time to seek appellate review of the November 6, 2025 judgment. Accordingly, the Court construes the motions as motions to reopen the time to seek a certificate of appealability from the Fifth Circuit.

Pursuant to Federal Rule of Appellate Procedure 22(b)(1), "[i]n a habeas corpus proceeding . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). . . . If the district judge has denied the certificate, the applicant may request a circuit judge to issue it." This request may either be explicit or if no express request for a certificate is filed, a "notice of appeal constitutes a request addressed to the judges of the court of appeals."[10]

Under Federal Rule of Appellate Procedure 4(a)(1), a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." This time limit is jurisdictional.[11] It may be extended, however, under the two exceptions set forth in Federal Rule of Appellate Procedure 4(a)(5)–(6).[12] Federal Rule of Appellate Procedure 4(a)(5) provides:

---

[9] Rec. Doc. 21-1 at 5–7.

[10] Fed. R. App. P. 22(b)(2).

[11] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

[12] *Dunn v. Cockrell*, 302 F.3d 491, 492 (5th Cir. 2002).

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

A motion under Rule 4(a)(5) must be filed "no later than 30 days after the time prescribed by this Rule 4(a) expires."[13] In other words, a motion under Rule 4(a)(5) must be filed no later than 60 days after entry of the judgment. The instant motions were filed more than three months after entry of the judgment, making Rule 4(a)(5) inapplicable here.

Under Federal Rule of Appellate Procedure 4(a)(6):

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
(C) the court finds that no party would be prejudiced.

Federal Rule of Civil Procedure 77(d) provides that the Clerk of Court must give parties notice of judgments.[14] Court records reflect that the November 7, 2025 judgment was mailed to Gomez-Colon at his address of record at Angola.[15] However, Gomez-Colon has presented prison mail logs from Angola from July 14, 2025 through February 18, 2026, which confirm his claim

---

[13] *Resendiz v. Dretke*, 452 F.3d 356, 358 (5th Cir. 2006) ("This Court has explained that Rule 4 has two avenues 'for rescuing [an] appeal through a late-filed notice of appeal.' These two avenues are set forth in Rule 4(a)(5)–(6). . . .").

[14] Fed. R. Civ. P. 77(d)(1) ("Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket.").

[15] *See* Rec. Doc. 16 (Notice of Filing).

that he did not receive any mail from the Clerk of Court for the Eastern District of Louisiana during that time period. The Clerk of Court remailed the judgment to Gomez-Colon on February 13, 2026, and it was stamped received at Angola on February 18, 2026.[16] Therefore, the Court finds that Gomez-Colon did not receive notice under Rule 77(d) of the entry of the judgment within 21 days after entry.

Gomez-Colon's first Motion to Reopen the Case and Notice of Appeal were received by the Clerk of Court on March 3, 2026, which is within 180 days after entry of the judgment and within 14 days after Gomez-Colon received notice of the Judgment.[17] Furthermore, there is nothing to suggest that reopening the time to file a notice of appeal so that Gomez-Colon can request a certificate of appealability from the Fifth Circuit would cause prejudice to any party. Therefore, Gomez-Colon has demonstrated that relief is warranted under Rule 4(a)(6). The Court reopens the time to file a request for a certificate of appealability under Rule 4(a)(6).

**IT IS HEREBY ORDERED** that Gomez-Colon's Motions to Reopen the Case,[18] which the Court construes as motions to reopen the time to seek a certificate of appealability from the Fifth Circuit under Federal Rule of Appellate Procedure 4(a)(6), are **GRANTED**.

---

[16] Rec. Doc. 18-1 at 2.

[17] Rec. Docs. 18, 19. Both filings are dated February 27, 2026.

[18] Rec. Docs. 18, 21.

**IT IS FURTHER ORDERED** that the Notice of Appeal[19] constitutes a request for a certificate of appealability addressed to the Fifth Circuit[20] and is considered timely filed under Federal Rule of Appellate Procedure 4(a)(6).[21]

**NEW ORLEANS, LOUISIANA**, this 2nd day of April, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[19] Rec. Docs. 18, 21.

[20] Fed. R. App. P. 22(b)(2).

[21] This Court has denied a certificate of appealability because it found that Gomez-Colon had not demonstrated a violation of his constitutional rights, and the issue would not engender debate among reasonable jurists. Rec. Doc. 17.